**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4659**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ALEJANDRO JIMENEZ-PEREZ, a/k/a Prieto,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (9:06-cr-00158-SB-3)

_____

Submitted:  February 25, 2010      Decided:  March 2, 2010

_____

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis H. Lang, CALLISON, TIGHE & ROBINSON, L.L.C., Columbia,
South Carolina, for Appellant.  Sean Kittrell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Jimenez-Perez pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (2006), and was sentenced to the statutory mandatory minimum of 120 months imprisonment. Jimenez-Perez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Jimenez-Perez's sentence was reasonable. Although advised of his right to file a pro se supplemental brief, Jimenez-Perez has not done so. Finding no reversible error, we affirm.

We review the district court's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the advisory U.S. Sentencing Guidelines range, consider the 18 U.S.C. § 3553(a) (2006) factors, or adequately explain the sentence. Id. at 51. Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, we consider it on appeal to be presumptively reasonable. See Rita v. United States, 551 U.S.

2

338, 341 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Our review of the record reveals that the district court properly calculated Jimenez-Perez's Guidelines range, taking into account the ten-year statutory mandatory minimum sentence. Jimenez-Perez's within-Guidelines sentence is presumptively reasonable on appeal and he has not rebutted that presumption. Therefore, we find that the district court committed no reversible error in sentencing Jimenez-Perez to the statutory mandatory minimum sentence of 120 months.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jimenez-Perez, in writing, of his right to petition the Supreme Court of the United States for further review. If Jimenez-Perez requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jimenez-Perez. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED